DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

UNITED STATES OF AMERICA, )
(Rural Development), )
 )
          **Plaintiff,** )
 )
          v. )    Civil Action No. 2014-0085
 )
**ROSHIMA O. SMITH, THE VIRGIN ISLANDS** )
**HOUSING FINANCE AUTHORITY, and** )
**THE GOVERNMENT OF THE VIRGIN ISLANDS** )
(Parks and Recreation f/k/a Housing, )
Parks, and Recreation), )
 )
          **Defendants.** )
_____)

**Attorneys:**
**Angela P. Tyson-Floyd, Esq.,**
St. Croix, U.S.V.I.
    *For Plaintiff*

**Ronald E. Russell, Esq.,**
St. Croix, U.S.V.I.
    *For Defendant Roshima O. Smith*

**Flavia E. Logie, Esq.,**
St. Croix, U.S.V.I.
    *For Defendant Virgin Islands Housing Finance Authority*

**Raymond T. James, Esq.,**
St. Croix, U.S.V.I.
    *For Defendant Government of the Virgin Islands*

## MEMORANDUM OPINION

**Lewis, Chief Judge**

      THIS MATTER comes before the Court on the "Motion for Default Judgment against Defendant Roshima Smith and Summary Judgment against Defendants the Virgin Islands Housing Finance Authority and the Government of the Virgin Islands Department of Parks and Recreation" (the "Motion") filed by Plaintiff United States of America (Rural Development) ("Plaintiff" or the

"United States") on August 31, 2015. (Dkt. No. 20). For the reasons discussed below, the Court will grant the Motion.

## I.   BACKGROUND

On October 24, 2014, the United States filed a Complaint for debt and foreclosure against Defendants Roshima O. Smith ("Smith"), the Virgin Islands Housing Finance Authority ("VIHFA"), and the Government of the Virgin Islands Department of Parks and Recreation f/k/a Housing, Parks, and Recreation ("V.I. Government"). The United States alleged that, on September 11, 2001, Smith executed and delivered to Plaintiff, acting through Rural Development (also known as Rural Housing Service, an agency of the U.S. Department of Agriculture), a Promissory Note (the "Note") in which she promised to pay the United States $59,650.00, plus interest at the rate of 6.875% per annum, and to pay $381.46 in monthly installments beginning on October 11, 2001. *Id.* ¶ 7. As security for payment on the Note, on the same day, Smith executed and delivered to the United States a Mortgage encumbering the following property ("the Property") described as:

> Plot No. 393 of Parcel No. 5 of VICORP LANDS, Prince Quarter, St. Croix, V.I. consisting of 0.1843 U.S. acre, more or less, as shown on Drawing No. 5180 dated July 6, 2000, revised June 14, 2001.

*Id.* ¶ 8. The Complaint alleged that, on September 11, 2001, Smith also entered a Subsidy Repayment Agreement with the United States, providing for the United States to recapture interest credits granted to Smith upon foreclosure of the Mortgage. *Id.* ¶ 9.

The Complaint further alleged that Smith defaulted under the terms and conditions of the Note and Mortgage by failing to pay the monthly installment due on January 11, 2007 and all subsequent installments. As a result, Plaintiff declared the entire amount of the indebtedness evidenced by the loan documents to be immediately due and payable, and demanded payment. As of the date of the Complaint, the default had not been cured. *Id.* ¶¶ 10-12.

2

The Complaint provided that the following sums were due under the Note as of March 31, 2014: $56,517.48 in principal; $28,391.36 in interest from December 11, 2006 through March 31, 2014; and costs and fees for taxes and insurance of $23,941.49; for a total due of $108,850.33. That sum accrues interest at the rate of $10.6454 per diem until the date of Judgment, and at the legal rate of interest, pursuant to 28 U.S.C. § 1961, thereafter. *Id.* ¶ 13.

The United States named VIHFA as a Defendant because it "may claim an interest in the aforesaid real property by virtue of a mortgage executed in its favor by Smith, dated September 11, 2001[.]" *Id.* ¶ 14.

The V.I. Government was named as a Defendant because it "may claim an interest in the aforesaid real property by virtue of a 25-year option to repurchase the Property in the event Smith defaults." *Id.* ¶ 15. Attached to the Complaint was a copy of the V.I. Government's Waiver and Subordination Agreement in which the V.I. Government reserved for twenty-five years a "first priority option exercisable within one hundred and twenty (120) days from the date of written notice to the [V.I.] Government of Lender(s) intent to foreclose on the Property, to repurchase the Property," and subordinated its lien to the United States' first priority purchase money mortgage. (Dkt. No. 1-7).

The United States sought judgment against Smith, *inter alia*, for all amounts due under the Note and foreclosure of the Mortgage. The United States also sought a judgment declaring the priority of liens against the Property, as between the United States, VIHFA, and the V.I. Government, including that the United States holds a first priority lien. *Id.* at pp. 5-6.

After the Court granted Plaintiff's Motion for Directed Service of the Summons and Complaint by the U.S. Marshal or his designee (Dkt. No. 9), Smith was served on January 28, 2015. (Dkt. No. 10). She did not answer the Complaint and, on March 19, 2015, the Clerk of Court entered default against her. (Dkt. No. 13).

3

Defendant V.I. Government answered the Complaint on December 12, 2014, in which it asserted a crossclaim against Smith. (Dkt. No. 6). VIHFA filed an answer on December 23, 2014. (Dkt. No. 7).

On June 21, 2015, Attorney Ronald E. Russell filed a Notice of Appearance on behalf of Smith. (Dkt. No. 19).

On August 31, 2015, the United States filed the instant Motion for Default Judgment against Smith, and Summary Judgment against VIHFA and the V.I. Government. (Dkt. No. 20). In its Memorandum in Support of its Motion, the United States contends that it is authorized to foreclose on the Property because: (1) Smith executed and delivered the Note and Mortgage to the United States, in which she promised to pay the debt owed, and pledged the Property as security for the debt; (2) Smith agreed that the United States would recoup any subsidies provided to her in the event of default; and (3) the United States sent a Notice of Default, Acceleration of the Mortgage and Demand for Payment to Smith at the address she provided—all of which provide the authority for the United States to foreclose on the Property. (Dkt. No. 22 at 5). The United States also asserts that the requirements for a default judgment are satisfied because Smith received notice of the lawsuit but has not appeared or provided any response or defense to the foreclosure complaint; she is not an active duty member of any branch of the military; and she suffers from no legal incapacity that would prevent her from defending the action. *Id.* at 1, 5, 6. In addition, the United States argued that the three factors for determining whether default judgment is appropriate, as set forth in *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000), are met. *Id.* at 5-6.

The United States included a Declaration on the Certification of Government Records signed by Kimme R. Bryce, Area Director, United States Department of Agriculture, who had personal knowledge of the documents executed by Smith, which were maintained as part of the United States' business records. (Dkt. No. 21-3). Ms. Bryce also signed a Certificate of

4

Indebtedness, attached to her Declaration, certifying that Smith was indebted to the United States in the amount stated on the attached Payoff Information Sheet, which itemized how the interest and costs on the account were calculated. (Dkt. No. 21-4).

Ms. Bryce asserted that, as of April 15, 2015, Smith was indebted to the United States in the principal amount of $56,517.48; plus accrued interest from December 11, 2006 to April 15, 2015 in the amount of $32,436.62; plus late charges of $35.35; plus taxes, insurance, and title search fees of $20,396.02; plus interest on those fees of $6,767.93; for a total indebtedness of $116,153.40. In addition, $10.6454 in per diem interest on the principal and $3.4835 in per diem interest on the fees accrues from April 16, 2015 until the date of Judgment. (Dkt. No. 21-4).

The United States also provided a Declaration of Angela Tyson-Floyd, Esq., counsel for the United States, who averred that Smith was personally served with the Summons and Complaint; Smith did not answer; the Clerk of Court entered default against her; and, to the best of her knowledge, Smith is not an infant or incapacitated person. (Dkt. No. 21-1). Attorney Tyson-Floyd also averred that Smith is not on active duty status in the military service, as shown by an attached Status Report pursuant to the Servicemembers Civil Relief Act. *Id.*, Dkt. No. 21-2.

In addition, Plaintiff argued in its Memorandum that it was entitled to summary judgment against Defendants VIHFA and V.I. Government. (Dkt. No. 22 at 6-7). Plaintiff noted that Smith had executed a Note and Mortgage in favor of VIHFA, which covered the same Property that secured the debt to the United States. However, it was undisputed that the United States' Mortgage was superior to VIHFA's mortgage because VIHFA's mortgage specifically provided that it was a second priority mortgage and was subordinate to the United States' Mortgage. *Id.* at 6, citing Dkt. No. 1-6.

Further, the United States contended that it was entitled to summary judgment against the V.I. Government because the V.I. Government executed a Waiver and Subordination Agreement

5

that subordinated any interest it may have in the Property to the United States. *Id*. While the V.I. Government had reserved a 25-year option to repurchase the Property in the event of a default, the United States observed that the undisputed facts showed that the V.I. Government did not exercise its option to repurchase within the 120-day period after receiving notice of Smith's default. *Id.* at 6-7.

Neither Smith, VIHFA, nor the V.I. Government responded to the United States' Motion for Default and Summary Judgment.

## II. APPLICABLE LEGAL PRINCIPLES

### A. Default Judgment

In a motion for default judgment, "'the factual allegations in a complaint, other than those as to damages, are treated as conceded by the defendant for purposes of a default judgment.'" *Star Pacific Corp. v. Star Atl. Corp.*, 574 F. App'x 225, 231 (3d Cir. 2014) (quoting *DIRECTV, Inc. v. Pepe*, 431 F.3d 162, 165 (3d Cir. 2005)); *see also* Fed. R. Civ. P. 8(b)(6) ("An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied."). Parties are not entitled to an entry of default judgment as of right; instead, the matter is addressed to the sound discretion of the court. *Catanzaro v. Fischer,* 570 F. App'x 162, 165 (3d Cir. 2014); *Tozer v. Charles A. Krause Milling Co*., 189 F.2d 242, 244 (3d Cir. 1951). In the context of a grant of default judgment pursuant to Federal Rule of Civil Procedure 55, "'[t]he district court must . . . conduct an inquiry in order to ascertain the amount of damages with reasonable certainty.'" *Star Pacific Corp.,* 574 F. App'x at 231 (quoting *Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999)).

A motion for default judgment must contain evidence, by affidavits and/or documents, of the following:

> (1) the entry of default pursuant to Rule 55(a); (2) the absence of any appearance by any party to be defaulted; (3) that the defendant is neither an infant nor an incompetent [person]; (4) that the defendant has been validly served with all pleadings; (5) the amount of judgment and how it was calculated; (6) and an affidavit of non-military service in compliance with the [Servicemembers] Civil Relief Act.

*Bank of Nova Scotia v. Abdallah,* 2013 WL 5312399, at *5 (D.V.I. Sept. 23, 2013) (quoting *Idewu v. Sealey*, 2012 U.S. Dist. LEXIS 36783, at *6 (D.V.I. Mar. 19, 2012)); *see also* Fed. R. Civ. P. 55(b); *Island Yacht Charters, Inc. v. Malgaglio,* 2009 WL 1507406, at *1 (D.V.I. May 28, 2009). Additionally, the Court must assess three factors when determining whether default judgment is appropriate: "(1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to [defendant's] culpable conduct." *Chamberlain*, 210 F.3d at 164 (citing *United States v. $55,518.05 in U.S. Currency*, 528 F.2d 192, 195 (3d Cir. 1984)).

### B. Summary Judgment

To prevail on a motion for summary judgment, a movant must show that there is "no genuine dispute as to any material fact," and that, on the uncontroverted facts, it is "entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *see also Bonkowski v. Oberg Indus.*, 787 F.3d 190, 195 n.1 (3d Cir. 2015). The moving party bears the initial burden of demonstrating the absence of a genuine dispute of material fact. *Mahoney v. McDonnell*, 2015 U.S. App. LEXIS 10662, at *10 (3d Cir. June 24, 2015) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). Once the moving party has met this burden, the non-moving party "must set forth specific facts showing a genuine issue for trial and may not rest upon mere allegations, general denials, or . . . vague statements." *Patterson v. Glory Foods, Inc.*, 555 F. App'x 207, 211 (3d Cir. 2014) (quoting *Quiroga v. Hasbro, Inc.*, 934 F.2d 497, 500 (3d Cir. 1991) (internal quotation marks omitted; alteration in original)); *see also* FED. R. CIV. P. 56(c). A genuine issue of material fact exists when

the fact-finder, viewing the record evidence, could rationally find in favor of the non-moving party. *See Anderson*, 477 U.S. at 248. When a genuine issue of material fact exists, summary judgment is inappropriate. *See Fontroy v. Beard*, 559 F.3d 173, 182 (3d Cir. 2009) (citations omitted).

"'Generally, debt actions are well suited for summary judgment. Because of the relative simplicity of the issues involved, suits to enforce promissory notes are among the most suitable classes of cases for summary judgment.'" *LPP Mortgage, Ltd. v. Ferris*, 2014 WL 2459802, at *4 (D.V.I. June 2, 2014) (quoting *Pemberton Sales & Serv., Inc. v. Banco Popular de Puerto Rico*, 877 F. Supp. 961, 971 (D.V.I. 1994)).

### III.   ANALYSIS

#### A. Default Judgment Against Smith

The United States has satisfied all of the requirements necessary to obtain a default judgment against Smith. It has properly shown that default was entered against Smith by the Clerk of Court. (Dkt. No. 13). Further, in the Declaration of Counsel, Plaintiff's Attorney, Angela Tyson-Floyd, Esq., averred that, "[t]o the best of [her] knowledge, information and belief, Smith is not an infant or incapacitated person." (Dkt. No. 21-1).[1] The Court finds this sworn statement is sufficient to satisfy the default judgment requirements that the United States show that Smith is not an incompetent person nor an infant. *See FirstBank Puerto Rico v. Jaymo Properties, LLC*, 379 F. App'x 166, 170 (3d Cir. 2010) (holding that counsel's "information and belief" are sufficient grounds upon which to find that a non-appearing defendant is not a minor or incompetent person for the purposes of obtaining a default judgment). Attorney Tyson-Floyd also declared, and

---

[1] Pursuant to Rule 55(b)(1), a party seeking default judgment must show that the defendant who has defaulted "is neither a minor nor an incompetent person." While "incompetent" and "incapacitated" are not synonymous, the Court will not require the United States to resubmit its attorney declaration on this point.

the record shows, that Smith has been validly served with all pleadings (Dkt. Nos. 10, 21-1). Further, the United States has shown with specificity how it calculated the amount of monies due by providing the Declaration of Kimme Bryce, a Certificate of Indebtedness, and a Payoff Information Sheet. (Dkt. Nos. 21-3, 21-4). In addition, the United States has provided a copy of a Military Status Report from the Department of Defense Manpower Data Center showing that Smith is not on active duty status with the military service as defined in the Servicemember's Civil Relief Act, 50 App. U.S.C. §§ 501 *et seq.* (Dkt. No. 21-2).

The final element to be met in order for the United States to be granted default judgment is "the absence of any appearance by any party to be defaulted." *Abdallah,* 2013 WL 5312399, at *5. Plaintiff has asserted that, due to Smith's "failure to answer, plead or otherwise defend this action," the Clerk of Court entered default against her, and that, as of the date of its Motion for Default Judgment and Summary Judgment, "no answer or responsive pleading has been filed by Smith." (Dkt. No. 21, ¶¶ 10, 11). However, the record reveals that Attorney Ronald Russell filed a Notice of Appearance for Smith on June 21, 2015 (Dkt. No. 19), although he has not filed any documents on her behalf. Thus, Smith has technically "appeared" in this matter. The question is whether, notwithstanding the appearance, the Court may proceed to award default judgment against Smith. The Court answers that question in the affirmative.

Attorney Russell's June 2015 Notice of Appearance occurred three months *after* the Clerk of Court entered default against Smith and two months *before* the United States filed its Motion for Default and Summary Judgment. Following Attorney Russell's Notice of Appearance, Smith never moved to set aside the entry of default pursuant to Fed. R. Civ. P. 55(a), and thus the entry of default remains extant. Nor did Smith oppose Plaintiff's August 31, 2015 Motion for Default Judgment against her. *See United States v. Mulvenna*, 367 F. App'x 348, 350 (3d Cir. 2010) ("The

9

time between the entry of default and the entry of default judgment provides the defendant with an opportunity to move pursuant to Rule 55(c), to vacate the default.").

In cases where a defendant has appeared, Fed. R. Civ. P. 55(b)(2) governs the process for converting an entry of default into a default judgment. That Rule states, in relevant part, that

> the party must apply to the court for a default judgment. . . . If the party against whom a default judgment is sought has appeared personally or by a representative, that party or its representative must be served with written notice of the application at least 7 days before the hearing. The court may conduct hearings or make referrals . . . when, to enter or effectuate judgment, it needs to: (A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter.

Fed. R. Civ. P. 55(b)(2). The Third Circuit has noted that a defendant who has appeared in a proceeding "generally is entitled to no less than seven days' advance notice of any motion for default judgment," and that, under egregious circumstances, district courts may even enter default judgments *sua sponte*. *Sourcecorp Inc. v. Croney*, 412 F. App'x 455, 458 (3d Cir. 2011); *see also* Charles Alan Wright, Arthur R. Miller, et al., 10A Fed. Prac. & Proc. Civ. § 2686 (3d ed) (describing what occurs when an attorney enters an appearance but makes no attempt to defend on the merits: "[I]t must be remembered that an appearance, without any further attempt to defend on the merits, will not keep a party from being held in default for failure to plead or otherwise defend; it merely activates the special notice and judicial review protections provided in [Rule 55].") (footnote omitted); *cf. Mulvenna*, 367 F. App'x at 350 (opining that "[n]ormally, appearance in an action involves some presentation or submission to the court"; quoting 10A Wright & Miller § 2686 that "not every act by a party that is addressed to the court or relates to the litigation will be deemed an appearance"; and concluding that "at the very least, the defendant must show an intent to defend to avoid default.").

Here, while Smith appeared in this action through her attorney in June 2015, she did not plead or otherwise defend against the United States' Complaint, attempt to set aside the United

10

States' entry of default against her, or respond to the United States' Motion for Default Judgment. Because of her appearance, Smith was entitled, under Rule 55(b)(2), to notice of the Motion for Default and Summary Judgment. Although the United States' Certificate of Service indicates that copies of its Motion for Default and Summary Judgment were sent only to counsel for VIHFA and the V.I. Government (Dkt. No. 20 at 2), the CM/ECF receipt also shows that the United States' Motion was sent to Attorney Russell, who therefore had actual notice of the Motion filed on the Court's docket. *See* LRCi 5.4(b)(3) (providing that registration as a filing user on CM/ECF "constitutes consent to electronic service of all documents as provided in these Rules[.]"). The Court finds that Attorney Russell's receipt of the United States' Motion for Summary and Default Judgment via CM/ECF suffices for the requisite notice under Rule 55(b)(2). *See Kennedy Funding, Inc. v. Oracle Business Devs., LLC*, 2016 WL 447843, at *8 (D.V.I. Feb. 4, 2016). The Court therefore concludes that it may adjudicate the United States' Motion for Default Judgment against Smith, notwithstanding that her attorney has entered an appearance in this case.

Finally, the United States has argued, and the Court has considered, the *Chamberlain* factors and finds that the prejudice to the United States resulting from Smith's breach of her contractual obligations, together with the apparent absence of a litigable defense, weigh in favor of the Court granting default judgment. *See* Dkt. No. 22 at 5-6. In addition, Smith's culpable conduct is evidenced by her refusal to respond to the Complaint. *See World Ent'mt Inc. v. Brown*, 487 F. App'x 758, 762 (3d Cir. 2012) (finding that defendant engaged in culpable conduct by, *inter alia*, failing to respond to complaint because such failure showed a willful disregard for plaintiff's legal communications); *Cohen v. Gabriel Enters., Inc.*, 2013 WL 1154847, at *5 (D.V.I. Mar. 21, 2013) (citing cases finding culpable conduct where defendants failed to answer complaint).

Consequently, default judgment against Defendant Smith is appropriate.

### B. Summary Judgment against VIHFA

The record shows that Smith executed a mortgage on September 11, 2001 in favor of Defendant VIHFA covering the Property. (Dkt. No. 1-6). Entitled "Second Priority Mortgage," VIHFA's mortgage provides that it would be "recorded simultaneously with the Deed and a First Priority Mortgage from USDA Rural Development. The Second Priority Mortgage will be subordinate to the First Priority Mortgage." *Id.* at 2. Further, VIHFA acknowledged in its Answer to Plaintiff's Complaint that the United States' Mortgage was superior to any right, title or interest that it had to the Property. (Dkt. No. 7, ¶ 17). Since VIHFA was named as a Defendant in this lawsuit because it had a lien on the same Property as the United States, and there is no dispute that the United States' lien has priority over VIHFA's lien, the Court will grant the United States' Motion for Summary Judgment as to VIHFA. The Court finds that the United States has a first priority lien on the Property, and VIHFA has a second priority lien.

### C. Summary Judgment against the V.I. Government

The United States also seeks summary judgment against the V.I. Government. The record shows that the V.I. Government executed a Waiver and Subordination Agreement on August 2, 2001 that subordinated its first priority option to repurchase the Property upon Smith's default to the United States as the first priority mortgage holder. (Dkt. No. 1-7). The Agreement provides that, upon being notified of any default by Smith for failure to perform under the Mortgage, it reserved for twenty-five years a first priority option to repurchase the Property, exercisable within 120 days from being given notice by the United States of the United States' intent to foreclose on the Property. *Id.* The United States claims that, "[t]o date, neither [the V.I. Government] nor any of its successors or assignees has exercised its first priority option to repurchase the Property since receiving notice of Smith's default." (Dkt. No. 21, ¶ 6). The V.I. Government has not contested this statement. Nor has it sought to litigate its crossclaim against Smith, asserted in its Answer to

Plaintiff's Complaint, that pursuant to its option to repurchase, it "is entitled to exercise its right to step in and purchase the property." (Dkt. No. 6 at 3). The Court finds that summary judgment against the V.I. Government is appropriate.

## IV. CONCLUSION

For the reasons discussed above, the Court will grant Plaintiff's Motion for Default Judgment against Defendant Roshima O. Smith and will grant Plaintiff's Motion for Summary Judgment against Defendants VIHFA and the V.I. Government. (Dkt. No. 20).

An appropriate Judgment and Order accompanies this Memorandum Opinion.

Date: May 17, 2016 _____/s/_____
WILMA A. LEWIS
Chief Judge